IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN JULIUS JOHNSON,

    Petitioner,

v.                                             Case No. 3:19cv122-LC/CAS

ADDISON SUMMERS, Warden,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about January 22, 2019, Petitioner John Julius Johnson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He filed an amended § 2254 petition on April 24, 2019. ECF No. 6. On June 17, 2019, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner John Julius Johnson indicates he challenges his conviction and sentence entered November 27, 2007, by the First Judicial Circuit, Santa Rosa County, Florida, following a jury trial in case number 2006-CF-1581.  ECF No. 6 at 3; Ex. 49-53.[1]  In particular, the jury found Johnson guilty of aggravated battery, contrary to section 794.011(3), Florida Statutes, as charged, in connection with events that occurred October 12, 2006.  Ex. A at 20, 43; Ex. E at 209-11.  The trial court adjudicated him guilty and sentenced him to fifteen (15) years in prison.  Ex. A at 49-53; Ex. E at 216.

Johnson appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D07-6572.  Ex. G.  Johnson's counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting no issues of arguable merit existed.  Ex. G.  The

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 11.

court granted Johnson leave to file a pro se brief.  Ex. H.  Johnson hired a new attorney, who filed an amended brief raising three points.  Ex. I.  The State filed an answer brief.  Ex. J.  On November 20, 2009, the First DCA per curiam affirmed the appeal without a written opinion.  Ex. L; Johnson v. State, 22 So. 3d 542 (Fla. 1st DCA 2009).

On December 13, 2011, through counsel, Johnson filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. M at 2-25.  By orders dated January 11, 2012, the state post-conviction court struck the motion as "facially and/or legally insufficient," and granted forty-five (45) days' leave to amend.  Id. at 26-33.  On March 9, 2019, Johnson's counsel filed an amended Rule 3.850 motion.  Id. at 66-93.  By order rendered November 5, 2012, the court summarily denied post-conviction relief.  Id. at 94-107 (exclusive of attachments).

Johnson, through counsel, filed a notice of appeal from the order denying postconviction relief.  Id. at 233-34.  Thereafter, Johnson's counsel withdrew from representation of Johnson.  Id. at 235-36.  On February 8, 2013, the First DCA per curiam affirmed the appeal, assigned case number 1D12-5529, without a written opinion.  Ex. N; Johnson v. State, 108 So. 3d 1083 (Fla. 1st DCA 2013).  The mandate issued March 13, 2013.  Ex. N.

As indicated above, Johnson filed his § 2254 petition on or about January 22, 2019. ECF No. 1. He filed an amended § 2254 petition on April 24, 2019. ECF No. 6. Respondent has filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has not filed a reply, although he was given the opportunity to do so. See ECF No. 10.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. Id. § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. Id. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as Respondent explains, the state trial court entered Johnson's judgment of conviction and sentence on November 27, 2007. Ex. A at 49-53. Johnson filed a direct appeal and, on November 20, 2009, the First DCA affirmed his case per curiam without a written opinion. Ex. L;

Johnson v. State, 22 So. 3d 542 (Fla. 1st DCA 2009) (table).  Pursuant to U.S. Supreme Court Rule 13.3, Johnson then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which he did not do.  Accordingly, his conviction and sentence became final for federal habeas purposes on February 18, 2010.  See 28 U.S.C. § 2244(d)(1)(A); see also, e.g., Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).  Johnson had one year thereafter, or until February 18, 2011, to file his federal habeas petition, absent tolling activity.  See, e.g., Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Johnson did not file anything until December 13, 2011, when he filed his Rule 3.850 motion in state court, 298 days after his AEDPA time expired.  Ex. M at 2-25.  At this point, because his AEDPA time had already expired, anything he filed therefore could not toll the AEDPA one-year period.  See, e.g., Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256,

Page 6 of 8

1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  As a result, Johnson's § 2254 petition filed in January 2019, is untimely under § 2244(d)(1)(A).

## Concluson

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and Petitioner's amended § 2254 petition, ECF No. 6, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 11) be **GRANTED** and the amended § 2254 petition (ECF No. 6) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2019.

                              **S/ Charles A. Stampelos**
                              **CHARLES A. STAMPELOS**
                              **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.